1
2
3
4
5
6
7                   UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF CALIFORNIA

9
10
11  PATRICK D. KELLEY,              )  1:11-cv—01505-SKO-HC
                                    )
12                  Petitioner,     )  ORDER DISMISSING THE PETITION FOR
                                    )  LACK OF SUBJECT MATTER
13                                  )  JURISDICTION (Doc. 1)
         v.                         )
14                                  )  ORDER DECLINING TO ISSUE A
    A. ZEPP-DO,                     )  CERTIFICATE OF APPEALABILITY AND
15                                  )  DIRECTING THE CLERK TO CLOSE THE
                    Respondent.     )  ACTION
16                                  )
                                    )  ORDER DIRECTING THE CLERK TO SEND
17  _____)  A CIVIL RIGHTS COMPLAINT FORM TO
                                       PETITIONER
18

19       Petitioner is proceeding in forma pauperis and pro se with a

20  petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

21  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to

22  the jurisdiction of the United States Magistrate Judge to conduct

23  all further proceedings in the case, including the entry of final

24  judgment, by manifesting consent in a signed writing filed by

25  Petitioner on December 20, 2011 (doc. 11).  Pending before the

26  Court is the petition, which was filed in the United States

27  District Court, Central District of California, on March 3, 2011,

28  and transferred to this Court on September 7, 2011.

                                    1

1     I. <u>Screening the Petition</u>

2     Rule 4 of the Rules Governing § 2254 Cases in the United

3  States District Courts (Habeas Rules) requires the Court to make

4  a preliminary review of each petition for writ of habeas corpus.

5  The Court must summarily dismiss a petition "[i]f it plainly

6  appears from the petition and any attached exhibits that the

7  petitioner is not entitled to relief in the district court...."

8  Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir.

9  1990); <u>see also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir.

10  1990). Habeas Rule 2(c) requires that a petition 1) specify all

11  grounds of relief available to the Petitioner; 2) state the facts

12  supporting each ground; and 3) state the relief requested.

13  Notice pleading is not sufficient; rather, the petition must

14  state facts that point to a real possibility of constitutional

15  error. Rule 4, Adv. Comm. Notes, 1976 Adoption; <u>O'Bremski v.</u>

16  <u>Maass</u>, 915 F.2d at 420 (quoting <u>Blackledge v. Allison</u>, 431 U.S.

17  63, 75 n. 7 (1977)).

18     Further, the Court may dismiss a petition for writ of habeas

19  corpus either on its own motion under Rule 4, pursuant to the

20  respondent's motion to dismiss, or after an answer to the

21  petition has been filed. Advisory Committee Notes to Habeas Rule

22  8, 1976 Adoption; <u>see</u>, <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43

23  (9th Cir. 2001).

24     II. <u>Conditions of Confinement</u>

25     A federal court may only grant a petition for writ of habeas

26  corpus if the petitioner can show that "he is in custody in

27  violation of the Constitution or laws or treaties of the United

28  States." 28 U.S.C. § 2254(a). A habeas corpus petition is the

correct method for a prisoner to challenge the legality or
duration of his confinement.  Badea v. Cox, 931 F.2d 573, 574
(9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485
(1973)); Advisory Committee Notes to Habeas Rule 1, 1976
Adoption.

In contrast, a civil rights action pursuant to
42 U.S.C. § 1983 is the proper method for a prisoner to challenge
the conditions of that confinement.  McCarthy v. Bronson, 500
U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931
F.2d at 574; Advisory Committee Notes to Habeas Rule 1.

Petitioner alleges that he is an inmate of the Wasco State
Prison at Wasco, California, who is serving a five-year sentence
for a conviction suffered in state court in Long Beach,
California.  (Pet. 2.)  Petitioner alleges that he was treated in
prison by a doctor who rendered substandard treatment; when he
complained, he was retaliated against by Defendant, who took him
off all pain medication and removed his wheel chair.  (Pet. 3.)
Petitioner seeks injunctive relief, including a change in his
prison doctor, restoration of the pain medication he was taking
before the alleged retaliation, and removal of the doctor from
his post as a B-yard medical doctor.  Petitioner argues that
Defendant engaged in the conduct with a culpable state of mind
involving reckless disregard in violation of the Eighth
Amendment.  (Pet. at 3, 7.)

Petitioner's allegations concern his conditions of
confinement; they do not concern the legality or duration of his
confinement.  Thus, Petitioner is not entitled to habeas corpus
relief, and the petition must be dismissed.

3

1    Should Petitioner wish to pursue his claims, he must do so
2 by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.
3 The Clerk will be directed to send an appropriate complaint form
4 to Petitioner.

5    III.  <u>Certificate of Appealability</u>

6    Unless a circuit justice or judge issues a certificate of
7 appealability, an appeal may not be taken to the Court of Appeals
8 from the final order in a habeas proceeding in which the
9 detention complained of arises out of process issued by a state
10 court.  28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537
11 U.S. 322, 336 (2003).  A certificate of appealability may issue
12 only if the applicant makes a substantial showing of the denial
13 of a constitutional right.  § 2253(c)(2).  Under this standard, a
14 petitioner must show that reasonable jurists could debate whether
15 the petition should have been resolved in a different manner or
16 that the issues presented were adequate to deserve encouragement
17 to proceed further.  <u>Miller-El v. Cockrell</u>, 537 U.S. at 336
18 (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).  A
19 certificate should issue if the Petitioner shows that jurists of
20 reason would find it debatable whether the petition states a
21 valid claim of the denial of a constitutional right and that
22 jurists of reason would find it debatable whether the district
23 court was correct in any procedural ruling.  <u>Slack v. McDaniel</u>,
24 529 U.S. 473, 483-84 (2000).

25    In determining this issue, a court conducts an overview of
26 the claims in the habeas petition, generally assesses their
27 merits, and determines whether the resolution was debatable among
28 jurists of reason or wrong.  <u>Id.</u>  It is necessary for an

4

applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed.  <u>Miller-El v. Cockrell</u>, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Habeas Rule 11(a).

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.  Accordingly, the Court will decline to issue a certificate of appealability.

IV.  <u>Disposition</u>

Accordingly, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED without prejudice for lack of subject matter jurisdiction; and

2) The Clerk is DIRECTED to close the case; and

3) The Court DECLINES to issue a certificate of appealability; and

4) The Clerk is DIRECTED to send to Petitioner a civil rights complaint form for a person in custody.

IT IS SO ORDERED.

**Dated:    January 3, 2012**            _____**/s/ Sheila K. Oberto**_____
                                         UNITED STATES MAGISTRATE JUDGE